UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CENTURY SURETY COMPANY,

                                                Plaintiff,

                    -against-

ATWEEK, INC. d/b/a YANKELS DEMOLITION, CUP
OF TEA, LLC and EDISSON PAGUAY,

                                            Defendants.
------------------------------------------------------------------- x

MEMORANDUM & ORDER

16-cv-335 (ENV) (PK)

VITALIANO, D.J.

      Plaintiff Century Surety Company ("Century") brings this action seeking to disclaim coverage under an insurance policy procured by defendant Atweek, Inc. d/b/a Yankels Demolition ("Atweek"). Also named as defendants are an additional insured, Cup of Tea, LLC ("Cup of Tea"), which is the owner of a certain premises Atweek renovated and which is itself covered by the insurance policy, and Edisson Paguay, who at all relevant times was employed by an Atweek subcontractor. Century and Cup of Tea have filed cross-motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56.[1] Century has also filed a motion for default judgment against Atweek.[2]

      For the reasons set forth below, Century's motion for summary judgment is granted, Cup of Tea's cross-motion for summary judgment is denied and Century's motion for default judgment against Atweek is also granted.[3]

---

[1] Century has alternatively moved for judgment on the pleadings, pursuant to Rule 12(c).

[2] Atweek has not appeared in this action. Paguay has appeared but is not a party to the instant motions.

[3] The findings and conclusions reached on the cross-motions for summary judgment apply with equal force and effect on the claim Century has made against the defaulting party.

1

## Background[4]

In May 2013, Cup of Tea hired Atweek as the general contractor for a renovation project at one of its properties, which was located at 187 Stockholm Street in Brooklyn. Century Rule 56.1 Statement, Dkt. No. 70 ("Century SOF"), ¶ 6-7.[5] As part of the agreement between them, Atweek was required "to hire all the appropriate and competent sub-contractors" necessary to complete the project. Century SOF ¶ 8. As is the norm in such matters, Atweek was also required to indemnify Cup of Tea against liability resulting from, *inter alia*, injury "to any person(s)" arising out of the work it performed and to procure insurance for those purposes. Cup of Tea Rule 56.1 Statement, Dkt. No. 73 ("Cup of Tea SOF"), ¶ 10-11.

In furtherance of its contractual obligations to Cup of Tea, Atweek sought, and Century issued, an insurance policy for the period covering July 21, 2013, through July 21, 2014. *See* Decl. of Christopher T. Bradley ("Bradley Decl."), Dkt. No. 69, at Ex. 1-A; Century SOF ¶ 1. Section I of the policy, listing the terms of coverage, provides the following in a section on "Bodily Injury and Property Damage Liability":

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage." We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance

---

[4] The material facts are drawn from the pleadings, the Local Rule 56.1 filings and the parties' evidentiary submissions. The facts are construed, as they must be, in the light most favorable to the party opposing summary judgment. Unless noted otherwise, the following facts are undisputed for the purposes of this Memorandum & Order.

[5] Cup of Tea did not respond to Century's Rule 56.1 statement but instead filed a statement of undisputed facts in support of its cross-motion for summary judgment. Where appropriate, facts in Century's Rule 56.1 statement will be deemed admitted for purposes of Century's motion for summary judgment. *See* E.D.N.Y. Local Civ. R. 56.1(c); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). In any event, there is no meaningful dispute about the facts here.

2

does not apply.

Bradley Decl. Ex. 1-A at Page ID # 720.[6] The policy contains two exclusions that are relevant here. First, the "Action Over Exclusion" provision replaces the analogous provision in the body of the policy. It excludes from coverage bodily injury to the following individuals:

> (1) An "employee" of the named insured arising out of and in the course of:
>
> (a) Employment by the named insured; or
>
> (b) Performing duties related to the conduct of the named insured's business
>
> . . .
>
> This exclusion applies:
>
> (1) Whether the named insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*Id.* at Page ID # 777. Additionally, the "Bodily Injury to Independent Contractors" provision excludes from coverage bodily injury to the following individuals:

> (1) Any independent contractor or the "employee" of any independent contractor while such independent contractor or their "employee" is working on behalf of any insured;
>
> . . .
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of "bodily injury."

---

[6] In the interest of clarity, PageID numbers are used to designate page numbers within Bradley Decl. Ex. 1.

*Id.* at Page ID # 778.

Finally, the policy contains a "Separation of Insureds" provision that states that the policy applies "as if each Named Insured were the only Named Insured" and "[s]eparately to each insured against whom claim is made or 'suit' is brought." *Id.* at Page ID # 731.

On or about January 6, 2014, Paguay filed a claim with the Workers' Compensation Board alleging that he was injured on January 2, 2014, while working as an employee of Atweek at the construction site at 187 Stockholm Street (the "*Paguay* action"). *See* Century SOF ¶ 9; Bradley Decl. Ex. 1-E at Page ID # 827 (listing "Yankels Demolition/Atweek Inc." as the "employer when injured"). The record reflects, however, that Paguay was actually working for a sub-contractor of Atweek, identified only as "Luis." Cup of Tea SOF ¶ 7; *see also* Dkt. No. 1-6 (*Paguay* action complaint) ¶ 19.

On January 9, 2014, Paguay filed a lawsuit advancing a potential claim on the policy in Kings County Supreme Court, Index. No. 696/2014, against Cup of Tea and Atweek. Century SOF ¶ 10. The *Paguay* action alleges that Cup of Tea is the owner of the premises at 187 Stockholm Street, Atweek was the general contractor of the renovation project there and Paguay was injured when he fell from an elevated surface while working on the project. Century SOF ¶ 12-14; Cup of Tea SOF ¶ 7.

On April 29, 2014, the Workers' Compensation Board ruled that Yankels Demolition (Atweek) was liable for Paguay's benefits claim. Bradley Decl. Ex. 1-F at Page ID # 830. By letter dated July 16, 2014, Century assigned counsel to defend Cup of Tea in the *Paguay* state court tort action as an "additional insured" under the policy, subject to a partial disclaimer of coverage based on the exclusions outlined above and a reservation of rights to recoup defense costs incurred in that action. Century SOF ¶ 15.

4

## Standard of Review

In harmony with long established procedures, a federal district court must grant summary judgment when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A court's responsibility in assessing the merits of a summary judgment motion is not to try issues of fact, but merely to "determine whether there *are* issues of fact to be tried." *Sutera v. Schering Corp.*, 73 F.3d 13, 16 (2d Cir. 1995) (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244 (2d Cir. 1984)); *see also Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (noting that, on summary judgment, "the court 'may not make credibility determinations or weigh the evidence'") (emphasis omitted) (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed 2d 105 (2000)).

This exercise demands a critical eye. Not all facts are material. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). For a dispute over material facts to be "genuine," the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Assertions of fact must be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact, *see Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the motion court must resolve all ambiguities and draw all permissible factual inferences in favor of

5

the party opposing the motion. *See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004); *Gummo v. Vill. of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper."); *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 721 (2d Cir. 1994) (noting that summary judgment can be granted "only when no rational jury could find in favor of the nonmoving party").

If the moving party meets its initial burden of demonstrating the absence of a disputed issue of material fact, the burden shifts to the nonmoving party. The nonmoving party may not rely on "conclusory allegations or unsubstantiated speculation" to defeat summary judgment. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). Again, the nonmoving party can prevail by "designat[ing] specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## Discussion

The parties meet at the expected crossroads. Century contends that the contract is unambiguous and that it is entitled to judgment as a matter of law. Cup of Tea asserts that an "ambiguity is created" by the terms of the policy, "which must be construed in favor of coverage." Cup of Tea's Opp. Mem. & Mem. in Support of Its Cross-Motion for Summ. J. ("Cup of Tea Br."), Dkt. No. 74, at 3. Two interrelated points of controversy are at play: whether Century is required to indemnify Cup of Tea, and, if not, whether it is entitled to recoup attorney's fees in defending the state court action.

I.   Coverage

The parties first contest whether the policy, by its terms, unambiguously excludes from coverage any liability to which Cup of Tea might be exposed for Paguay's injuries, including any obligation to defend it in the state court lawsuit.

Underpinned by a wealth of insurance coverage disclaimer litigation, it is clear that "New York law requires ambiguities in insurance contracts to be construed in favor of the insured." *Vella v. Equitable Life Assur. Soc. of U.S.*, 887 F.2d 388, 392-93 (2d Cir. 1989); *see also Thomas J. Lipton, Inc. v. Liberty Mut. Ins. Co.*, 34 N.Y.2d 356, 361, 314 N.E.2d 37, 39 (1974) ("It is fundamental that ambiguities in an insurance policy must be construed against the insurer. This is particularly so as to ambiguities found in an exclusionary clause.") (internal citations omitted). Even so, the doctrine of *contra preferentem* "does not come into play unless [a] court first determines that the contract is, in fact, ambiguous." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 616 (2d Cir. 2001).

Obviously, the mere fact that parties to an insurance contract seek to apply terms or read terms differently does not make the policy language ambiguous. "Contract terms are considered ambiguous if they are 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir. 1997)

With that analytical framework in place, the language of the policy must be understood to exclude from its coverage claims brought by an employee of Atweek or one of its contractors. That is to say, if Paguay was an employee of Atweek, the action over exclusion clause would

7

short-circuit Century's obligation to provide coverage of Cup of Tea because, as Century contends, that provision excludes from coverage "bodily injury" to any "'employee' of the named insured arising out of and in the course of . . . [e]mployment by the named insured," Bradley Decl. Ex. 1-A at PageID # 777; and if Paguay was instead an independent contractor or employee of "Luis," who was himself an independent contractor for Atweek, the bodily injury to independent contractors provision would apply. *See* Bradley Decl. Ex. 1-A at Page ID # 778 (precluding coverage for bodily injury to "[a]ny independent contractor or the 'employee' of any independent contractor while such independent contractor or their 'employee' is working on behalf of any insured").

In an attempt to rescue its bid for coverage, Cup of Tea relies on *Hastings Development, LLC v. Evanston Insurance Co.*, 141 F. Supp. 3d 203, 207 (E.D.N.Y. 2015), *aff'd in part, vacated in part and remanded on other grounds*, 701 F. App'x 40 (2d Cir. 2017) (summary order), for the proposition that the separation of insureds provision in the policy here creates an ambiguity. In *Hastings*, the insurer refused to indemnify one of three named insureds in a personal injury lawsuit brought by an employee of another of the named insureds. The policy in *Hastings* excluded coverage for any lawsuit arising out of bodily injury to "an employee <u>of the Named Insured</u> arising out of and in the course of employment <u>by any Insured</u> . . . ." *Id.* (emphasis added). The court held that an ambiguity existed as to whether the phrase "Named Insured" referred only the named insured who employed the injured employee, or also to the other named insureds under the policy; and, moreover, that both parties' interpretations of the phrase were reasonable. *Id.* at 211-12.

There is, however, no such ambiguity in the policy here. The action over exclusion clause applies to an employee "of the <u>named insured</u> arising out of and in the course of . . .

[e]mployment by the <u>named insured</u>." Bradley Decl. Ex. 1-A at Page ID # 777 (emphasis added). The policy, therefore, excludes coverage for any employee of Atweek arising out of and in the course of employment by Atweek. This interpretation matches with a nearly identical provision that the Second Circuit determined, in an unpublished summary order, to be "unambiguous." *See Endurance Am. Specialty Ins. Co. v. Century Sur. Co.*, 630 F. App'x 6, 7 (2d Cir. 2015) (summary order); *but see Employers Ins. Co. of Wausau v. Harleysville Preferred Ins. Co.*, 726 F. App'x 56, 62–63 (2d Cir. 2018) (summary order) (employer's liability exclusion did not apply) ("It is significant that the exclusion refers to '*the* insured,' rather than 'an insured' or 'the named insured.' . . . It is reasonable to read 'the insured' to refer solely to whichever insured is seeking coverage . . . .") (emphasis original).

Beyond that, the breadth of the exclusions from coverage, as described above, also covers the alternative scenario. To the extent that Paguay was an independent contractor, rather than an employee, of Atweek, the bodily injury to independent contractors clause would apply, since that provision excludes coverage to any "independent contractor" or "'employee' of any independent contractor while such independent contractor or their 'employee' is working on behalf of <u>any</u> <u>insured</u>." Bradley Decl. Ex. 1-A at Page ID # 777 (emphasis added).

With this branch of its ambiguity argument coming up short as to the policy's exclusion of coverage for Paguay's fall, Cup of Tea's last grasp is its argument that the separation of insureds clause creates an ambiguity as to whether the action over exclusion provision should be, essentially, rewritten. But separation of insureds provisions like the one here can be read in harmony with the other policy provisions and have been held to be unambiguous. *See, e.g., Endurance Am. Specialty Ins. Co.*, 630 F. App'x at 8 (separation of insureds provision was unambiguous and district court erred "in reading [the additional insured's name] into the words

9

'the named insured' in the action over exclusion provision."). As Century argues, the separation of insureds provision means, indeed, that the policy applies "[s]eparately to each insured against whom claim is made," Bradley Decl. Ex. 1-A at Page ID # 731, but as was the case in *Endurance*, it would be illogical to read Cup of Tea into the action over exclusion clause, which specifically references the "named insured." In light of the above, and because the policy unambiguously excludes coverage for Paguay's injuries here, Century is entitled to summary judgment.

II. Attorney's Fees

The only issue remaining is whether Century is entitled to recoup expenses incurred in the defense of Cup of Tea. Cup of Tea attacks rather obliquely Century's coverage letter, dated July 16, 2014, which states that "Century is reserving its right to withdraw counsel and to seek reimbursement for costs incurred as a result of providing Cup of Tea a defense." Cup of Tea Br. at 12. It then continues the linguistic fisticuffs, contending that, because Century reserved its rights to seek reimbursement for "costs," rather than "attorney's fees," it was deprived of the opportunity to object to such a reservation and Century, as a result, is not entitled to recover fees. Cup of Tea Br. at 11; *see United Specialty Ins. Co. v. CDC Hous., Inc.*, 233 F. Supp. 3d 408, 414 (S.D.N.Y. 2017) ("Courts have consistently determined that insurers are entitled to reimbursement of defense costs upon a determination of non-coverage so long as the reservation was communicated to the insured, who did not expressly refuse to consent to the reservation."). Yet, Cup of Tea's semantic gambit nets it nothing since it is beyond question that an insurer's "reservation to seek reimbursement of defense costs include[s] the attorney's fees it incurred in defending" an underlying action. *United Specialty Ins. Co.*, 233 F. Supp. 3d at 414.

Provisional representation by insurers is a well-trod path. The underlying action goes on

notwithstanding the coverage dispute, meaning that the insurer cannot ignore it. Should it do so, its loss in the coverage dispute litigation could expose it to significantly increased expenses – it must defend. But, as was given here, the insured is entitled to notice of this reservation so it can make its choice to accept or decline. It is simple: Century gave its reservation of rights notice, Cup of Tea did not object, coverage has now been determined to be excluded and Century is entitled to recover its "costs," which, obviously, consist mostly of attorney's fees.

## Conclusion

For the foregoing reasons, Century's motion for default judgment against Atweek and its motion for summary judgment are granted, and Cup of Tea's cross-motion for summary judgment is denied. The Court, therefore, declares that Century is not obligated to defend or indemnify Cup of Tea or Atweek in the *Paguay* action and may recoup costs and fees it has incurred on their behalf in the defense of that action.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
May 1, 2019

s/Eric N. Vitaliano
───────────────────────
ERIC N. VITALIANO
United States District Judge